## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50169

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MIGUEL ANGEL CHAVEZ-<br>AMEZCUA,<br><br>    Defendant-Appellant. | )<br>)  **Filed:  November 15, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Miguel Angel Chavez-Amezcua pled guilty to possession of a controlled substance.  I.C. § 37-2732(c)(1).  The district court sentenced Chavez-Amezcua to a unified term of seven years, with a minimum period of confinement of two years.  The district court retained jurisdiction, but thereafter relinquished jurisdiction.  Chavez-Amezcua filed an I.C.R. 35 motion, which the district court denied.  Chavez-Amezcua appeals, arguing that his sentence is excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Chavez-Amezcua's judgment of conviction and sentence are affirmed.